UNITED STATES

v.

**Staff Sergeant Danny J. WILLIAMS, FR 457–96–3158 United States Air Force.**

**ACM 23138.**

U. S. Air Force Court of Military Review.

Sentenced Adjudged 26 March 1981.

Decided 28 Aug. 1981.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain J. Laurens Tullock.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Michael J. Hoover.

Before EARLY, MILES and KASTL, Appellate Military Judges.

## DECISION

EARLY, Chief Judge:

Tried by general court-martial, military judge alone, the accused was charged with desertion but was convicted, pursuant to his pleas, of absence without leave, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C.A. § 886. The approved sentence extends to a bad conduct discharge, confinement at hard labor for six months, forfeiture of $300.00 per month for six months and reduction to E–3. The convening authority suspended the execution of the reduction below the grade of sergeant for 12 months.

At trial, during the providency inquiry [1] into the accused's proffered plea of guilty to absence without leave from 23 April 1979 until 2 November 1980, the following colloquy insued:

MJ: What I'd like to do at this time, Sgt Williams, is relate these elements I just read to you to the facts as you know them or believe them to be in this case and I'd like you to tell me in your own words how this offense occurred.

ACC: Yes, sir. On April—on the 22nd 1979, sir, I was enroute back from Winnipeg to come back home like I had been doing since 1975 since I've been here and we were having a flood at the time—a terrible flood—and the personnel from Winnipeg city was turning us around and telling us we couldn't leave because all the roads were under water. At that point, I turned around and called my supervisor to inform him and I couldn't get in contact with him so I left a message with his family that I would call back again and I called back again the next day after I tried to get a bus out of Winnipeg and they told me they didn't have any and that's when he—they told me they had me on the AWOL list and that's when I got scared.

MJ: Now, during this period of time, you were absent from your organization here at Grand Forks Air Force Base?

ACC: Yes, sir.

MJ: Did you have reason to believe or did anyone say anything to cause you to believe that you had permission to be gone during that period of time?

ACC: Well, when I talked to—when I left the message when I talked to my supervisor, he told me to try and get back as soon as I could and I kept telling him I couldn't because of the flood and then he told me that the commander was going to put me on the AWOL list. I just got scared, sir, and I ran.

MJ: But you did not think you were given permission to be gone during that period of time?

ACC: No, sir.

MJ: During this period of time, did anything preclude you from ever coming back?

ACC: Yes, sir. My alcoholism. I became an alcoholic during that period of time.

MJ: But for that—you weren't drunk all the time?

ACC: No sir, but I was running scared.

MJ: But you knew what you were doing? You knew that you were absent?

ACC: Yes, sir, I knew I was absent.

MJ: But for that, though, was there anything that precluded you from coming back if you would have wanted to?

ACC: Just my scaredness and my alcoholism and the fright of not knowing what was going to happen to me.

\* \* \* \* \* \*

MJ: One more question, Sgt Williams. During the time from 23 April 1979 to 2 November 1980, you knew you were absent without leave?

ACC: Yes, sir.

MJ: No doubt in your mind?

ACC: No doubt in my mind, sir.

Subsequently, the military judge found the accused's plea to be voluntarily made with full knowledge of its meaning and effect, and, hence, provident. He did not enter findings because the Government in-

1. *See United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

**900**

tended to present evidence on the major charge.[2]

During the defense portion of the case, the accused again specifically admitted his unauthorized absence from his organization during the period charged. He also testified that he initially attempted to take a bus but was told that all buses were cancelled because of the flooding, and that he could not get air transportation because he did not have enough money.

At the conclusion of the evidence from both sides, the military judge found the accused not guilty of desertion but guilty of a violation of Article 86, Code, *supra.*

Appellate defense counsel contend that since the accused's responses to the providency inquiry raise the question of an impossibility of returning to his organization on 23 April 1979 the inception date of the unauthorized absence has not been established, and, hence, his plea should not have been accepted without further inquiry to establish an inception date. In support of their assertion, appellate defense counsel refer us to paragraph 165, Manual for Courts-Martial, 1969 (Rev.), which states that a person on authorized leave who is unable to return through no fault of his own has not committed the offense of absence without leave.

We disagree and affirm.

█ There are several factors that make this case unusual, and, perhaps, unique. Because the accused was pleading only to a lesser included offense, the military judge, correctly, did not enter findings at the conclusion of the providency inquiry. After hearing all the evidence presented by both sides, the military judge, without specific reference to the accused's plea, entered a general finding of guilty to absence without leave. This finding could have been based on: (1) the accused's plea; (2) the evidence of record *other* than the accused's plea; or, (3) the evidence of record *and* the accused's plea. Since the grounds for the finding are

not specifically stated, we assume that the military judge based it on the evidence *and* the accused's plea.[3]

█ We may, on review, look to all the evidence of record to determine the providency issue. *United States v. Care,* 18 U.S. C.M.A. 535, 40 C.M.R. 247 (1969); *United States v. Rhodes,* 40 C.M.R. 462 (A.C.M.R. 1969), and cases cited therein. Based upon all the evidence of record, we are convinced beyond a reasonable doubt that the accused was absent without leave from 23 April 1979 until 2 November 1980. The accused's responses, repeated several times, indicated that he "got scared . . . and ran" on the 23rd of April which established the inception date for the absence. He also repeatedly stated his knowledge and awareness of his AWOL status on that specific date and during the remainder of the absence. Lastly, all the evidence, albeit introduced on the intent to desert issue, clearly established the term of the absence.

█ However, there remains the issue of the impossibility defense. There is no doubt that the accused could have pleaded not guilty and raised the impossibility of return defense as to some date between 22 April 1979 and whenever the flood water receded sufficiently to permit safe travel back to Grand Forks Air Force Base. But he chose not to do so. Whatever may have been his motives in choosing to plead guilty, —and the difference of a day or even a week is virtually meaningless in an unauthorized absence of some 17 months—our responsibility is to insure that his plea of guilty was not involuntary, improvident or made without full knowledge of the import thereof. *United States v. Rhodes; United States v. Care;* both *supra.* We find that his choice was made knowingly and with full awareness of its consequences. We find no decisional significance in the fact that the accused chose to waive a possible defense to a miniscule part of the charged

---

**2.** A stipulation of fact detailing all the essential elements of the absence was admitted after proper advisement.

**3.** Had the finding been based on (1) or (2), the judge surely would have so stated.

offense—if there was one—in finding that his plea of guilty was provident.[4]

In conclusion we find the plea of guilty to have been providently made and that the evidence of record supports the findings of guilty beyond a reasonable doubt.

■ Accordingly, the findings of guilty and the sentence [5] are

AFFIRMED.

---

4. One possible fact which may have dissuaded the accused from raising this defense comes from the testimony of his supervisor who specifically remembers the date of the second telephone call as being 29 April 1979, one full week after the accused's first call. During the ensuing week, the supervisor had determined that there were routes from Winnipeg to Grand Forks which were "completely passable."

5. The action of the convening authority purports to apply forfeitures to *pay and allowances*. This is error. Only so much of the action which applies forfeitures to *pay* is affirmed.